IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HEARST STATIONS INC., d/b/a WCVB-TV,

    Plaintiff,

v.

AEREO, INC.,

    Defendant.

C.A. No. 1:13-cv-11649

## **PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Fed. R. Civ. P. 65, the plaintiff, Hearst Stations Inc., as the operator of television station WCVB-TV in Boston, Massachusetts, ("WCVB"), hereby moves to preliminarily enjoin the defendant, Aereo, Inc. ("Aereo"), from infringing WCVB's exclusive rights under the Copyright Act.

Since 1972, WCVB has broadcast locally over the air on Channel 5 (or its digital equivalent), earning a national reputation for the quality of its original local programming, including shows such as *Chronicle, On the Record* and *CityLine*, as well as its award-winning local newscasts. In total, WCVB creates, produces, broadcasts and distributes over 43 hours per week of original, local programming.

In contrast, Aereo produces nothing. Aereo's core business is premised upon the unauthorized interception and retransmission of WCVB's over-the-air broadcasts for a profit. WCVB received its broadcast license in exchange for its obligation to make over-the-air broadcasts available to the public. Aereo exploits this public service obligation. It unlawfully intercepts WCVB's over-the-air signals through the use of vast antenna farms, alters that intercepted content into a format suitable for transmission to the public over the public internet,

creates and stores copies of that altered content on its servers, and makes the copies available to paying customers through a subscription service.

By helping itself to WCVB's signal, Aereo commercially benefits from WCVB's programs while paying WCVB — the owner of that programming — nothing. The Copyright Act, however, requires that copyright holders be fairly compensated for the commercial use of their copyrighted work. Free-riders like Aereo — those who commercially benefit from another's copyrighted work without compensating the copyright holder — undermine this simple but critical concept. In addition, those same free-riders threaten Congress's carefully constructed regulatory scheme for the broadcast industry, one that is designed to balance the interests of the general public with the interests of television broadcasters.

Because of Aereo's clear violation of the Copyright Act, a preliminary injunction is warranted. First, Aereo "publicly performs" WCVB's works within the meaning of the Copyright Act by intercepting WCVB's over-the-air signal and making WCVB's programming available to the public for a monthly subscription fee. Second, Aereo creates unauthorized copies of WCVB's copyrighted works each time it stores one of WCVB's programs on its hard drive. Third, Aereo distributes these copies to the public in violation of the Copyright Act whenever it makes the copies available to an internet user. Fourth, Aereo creates unauthorized derivative works from WCVB's programming by technologically altering and compressing that programming from one digital format to another.

Aereo's unauthorized use of WCVB's copyrighted programming has caused and, unless enjoined, will continue to cause WCVB irreparable harm. In particular, Aereo's actions directly and incalculably impact WCVB's two most historically important sources of revenue: advertising fees and retransmission fees. In addition, Aereo's actions also irreparably harm

WCVB's ability to develop and profit from the internet streaming of its own programming. Except in isolated circumstances, WCVB must work with its business partners when transmitting (either itself or by authorization) its programming over the internet. Because WCVB respects its obligation to work within applicable regulatory and contractual schemes before streaming its programming over the internet, WCVB itself cannot presently stream its entire daily schedule online. Aereo, in contrast, streams this same content by disregarding such obligations. Unless enjoined by this Court, Aereo will be free to stream WCVB's complete daily schedule on the internet *while WCVB itself is not allowed to do so*, thereby greatly undermining WCVB's ability to develop this new and important distribution system.

Lastly, it is in the public's interest that Aereo be enjoined from misappropriating WCVB's programming. Copyright owners must be fairly compensated for the copyrighted works that they create. Without that compensation, broadcasters like WCVB have no incentive or, in the end, financial ability, to create and broadcast original local programming. Boston area residents have a strong interest in continuing to receive WCVB's unique, local programming. Aereo's business model threatens the very foundation upon which those programs are built.

As further support, WCVB relies on its Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction and the supporting Declarations of Bill Fine and Courtney Batliner filed simultaneously with this Motion.

WHEREFORE, WCVB prays that this Court enter the proposed order filed simultaneously with this Motion and preliminary enjoin and restrain Aereo from transmitting, reproducing, distributing, or creating derivative works based upon WCVB's broadcast television programming, or otherwise infringing WCVB's copyrights.

**REQUEST FOR ORAL ARGUMENT**

WCVB respectfully requests oral argument on this Motion.

                                              Respectfully submitted,

                                              HEARST STATIONS INC.

                                              By its attorneys,

                                              */s/ James D. Smeallie*
                                              James D. Smeallie (BBO #467380)
                                              Joshua C. Krumholz (BBO #552573)
                                              Brian G. Leary (BBO #548386)
                                              Elizabeth M. Mitchell (BBO #638146)
                                              Holland & Knight LLP
                                              10 St. James Avenue
Dated:  July 9, 2013                        Boston, MA 02116

#23860878_v7