UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HEARST STATIONS INC., d/b/a WCVB-TV,

                Plaintiff,

      v.

AEREO, INC.,
                Defendant.

C.A. No. 1:13-cv-11649-MBB

**ORAL ARGUMENT REQUESTED
PURSUANT TO L.R. 7.1(d)**

**DEFENDANT AEREO, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

## TABLE OF CONTENTS

**PAGE**

INTRODUCTION ..................................................................................................... 1

BACKGROUND ...................................................................................................... 3

   Aereo and its Technology .................................................................................. 3

   The SDNY Related Actions................................................................................ 4

      1.     The 2012 Consolidated SDNY Actions and Preliminary Injunction
             Decisions.................................................................................................. 4

      2.     The 2013 SDNY DJ Action ..................................................................... 7

   Nature and Stage of this Case ............................................................................ 8

ARGUMENT .......................................................................................................... 10

   A.     The Interest of Justice Favors Transfer Because of the Pending Actions
         in SDNY.......................................................................................................... 13

      1.     A Transfer Would Promote Judicial Economy ....................................... 14

      2.     The Interests of Justice Will be Served by a Transfer and a Transfer Will
             Not Prejudice Hearst. .............................................................................. 17

   B.     The Convenience Factors Also Favor Transfer ................................................. 18

CONCLUSION....................................................................................................... 20

## <u>TABLE OF AUTHORITIES</u>

CASES

*Aereo, Inc. v. CBS Broad. Inc. et al.*,
  13-CV-3013 (AJN) (S.D.N.Y.)................................................................................8

*Am. Broad. Cos., Inc. v. Aereo*,
  874 F. Supp. 2d 373 (S.D.N.Y. 2012)..........................................................2, 4, 6

*Coady v. Ashcraft & Gerel*,
  223 F.3d. 1 (1st Cir. 2000).......................................................................................17

*Continental Grain Co. v. The Barge FBL-585*,
  364 U.S. 19 (1960)........................................................................................................13

*Converse Inc. v. Reebok Intern. Ltd.*,
  328 F.Supp.2d 166 (D. Mass. 2004) .....................................................................10

*F.A.I. Elec. Corp. v. Chambers*,
  944 F. Supp. 77 (D. Mass. 1996) ....................................................................18, 19

*Falafel Republic Mediterranean Foods, Inc. v. Tarazi Specialty Foods, Inc.*,
  No. 12-10551-NMG, 2012 U.S. Dist. LEXIS 167498 (D. Mass. Sept. 28, 2012) .................18

*Falken Indus. v. Johansen*,
  360 F. Supp. 2d 208 (D. Mass. 2005) ...................................................................17

*Gastineau v. Gifford*,
  Nos. 11-11096-RWZ, 11-11312-RWZ, 2011 WL 4381501 (D. Mass. Sept. 19, 2011)..........13

*Johnson v. New York Life Ins. Co.*,
  No, 12-11026-MLW, 2013 WL 1003432 (D. Mass. Mar. 14, 2013) ...................................16

*Penguin Group (USA), Inc. v. American Buddha*,
  640 F.3d 497 ...................................................................................................................11

*Sony Corp. of Am. v. Universal Studios, Inc.*,
  464 U.S. 417 (1984).......................................................................................................10

*Tovar v. Indiana*,
  No. 2:12-CV-175-DBH, 2012 WL 3263948 (D. Me. Aug. 9, 2012)....................................13

*WNET v. Aereo, Inc.*,
  712 F.3d 676 (2d Cir. 2013)...........................................................................2, 4, 6

**STATUTES**

17 U.S.C. § 301(a) ................................................................................................2

28 U.S.C. §§ 1391(b)(1), 1391(c)(2) ....................................................................11

28 U.S.C. § 1404(a) ...........................................................................1, 10, 13, 18

47 U.S.C. § 307 *et seq* ...........................................................................................1

Defendant Aereo, Inc. respectfully submits this memorandum of law supporting its motion to transfer venue pursuant to 28 U.S.C. § 1404(a) to the U.S. District Court for the Southern District of New York, where three other suits addressing essentially the same legal and factual questions are already pending.

## INTRODUCTION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a).  There could not be a clearer case where justice is served by transfer than this one, where the Plaintiff has filed a fourth case addressing virtually the same legal and factual questions as three other pending cases, with the hope of getting an inconsistent result and/or creating enough of a burden to drive Aereo out of business, thereby achieving by attrition, that which the broadcasters have been unable to achieve based on the merits of their claims.

Aereo is a small technology company that has created innovative technology that enables a consumer to use a modern, remotely-located version of an individual rabbit ear antenna and DVR to record and watch local over-the-air broadcast television.[1]  In March 2012, seventeen broadcasters, including all of the major national networks (ABC, CBS, NBC, and Fox), sued Aereo in federal court in the Southern District of New York, claiming copyright infringement.[2]  They filed two actions which have since been consolidated.[3]  They sought a preliminary

---

[1] These broadcasts are transmitted over the publicly-owned airwaves pursuant to a limited number of licenses granted to broadcasters by the United States government on behalf of the American public.  *See* 47 U.S.C. § 307 *et seq*.  Entities such as Hearst are merely licensees given the right to use those publicly-owned airwaves: the licenses impose an obligation to serve the public "interest, convenience and necessity."  *See id*.  Hearst acknowledges that it is under such an obligation.  *See* Compl. at ¶¶ 5-6.

[2] Aereo filed a declaratory judgment counterclaim in both actions, seeking a declaration that the use of Aereo by consumers violates none of plaintiffs' copyrights.

[3] One group of plaintiffs also advanced a claim for unfair competition.  *See* Exh. 1, 3/13/12 Tr. at 28:12-29:5; Exh. 2, Mem. In Support of Mot. For Preliminary Injunction on the WNET Plaintiffs' Claim in the Alternative for Unfair

injunction and after very extensive fact and expert discovery and a two-day hearing, the court issued a 52-page order denying the motion because the plaintiffs were not likely to succeed on the merits.  Exh. 4, *Am. Broad. Cos., Inc. v. Aereo*, 874 F. Supp. 2d 373, 377 (S.D.N.Y. 2012) ("*Aereo I*").  Earlier this year, the Second Circuit agreed that plaintiffs were not likely to succeed on the merits and affirmed the denial of the motion.  Exh. 5, *WNET v. Aereo, Inc.*, 712 F.3d 676, 680 (2d Cir. 2013) ("*Aereo II*").[4]  Since the time of the preliminary injunction, there has been extensive additional discovery in those actions, including among other things, multiple depositions of Aereo personnel.[5]  On May 6, 2013, in view of express threats by CBS (the national broadcaster) to sue in every market in which Aereo made its technology available, notwithstanding the cases already pending in New York, Aereo filed a declaratory judgment action in the Southern District of New York, again seeking a determination that consumers' use of Aereo does not violate any of CBS's rights under the Copyright Act.  That action remains pending; it is the third New York case to address essentially identical issues.[6]

---

Competition, *WNET v. Aereo, Inc.*, No. 12-cv-01543, ECF No. 72 (All Exhibits ("Exh.") cited herein are attached to the Declaration of R. David Hosp ("Hosp Decl.) enclosed herewith.).  The Court dismissed the claim prior to the hearing as preempted by 17 U.S.C. § 301(a).  *See* Exh. 3, 5/18/12 Opinion, Nathan, J., at ECF No. 86.

[4] The Plaintiffs subsequently petitioned *en banc* review; that request has been denied.  Exh. 6, *Am. Broad. Cos. v. Aereo, Inc.*, 12-2807-cv; 12-2786-cv, ECF. No. 301 (2d Cir July 16, 2013).

[5] As described more fully in the Background section below, the discovery in these cases has been extraordinary. The broadcasters took depositions of many of Aereo's technical and business employees, including the CEO and CTO (who have now been deposed twice and three times, respectively).  Additionally, Aereo produced its entire computer source code, antenna equipment for the broadcasters to test at their own facilities, and almost 700,000 pages of documents in response to the broadcasters' requests for production.  Aereo also allowed two site and equipment inspections and produced two detailed expert reports on the operation of the Aereo antennas and the Aereo technology.  *See* Hosp Decl. at ¶¶ 3-6.  Hearst relies on parts of this extensive record to support its duplicative preliminary injunction motion in this Court.  *See* Hearst PI Br., ECF No. 5, at 5-6, 9, 12-14, 18.

[6] Hearst has undoubtedly followed the several Southern District of New York cases closely.  As described below, WCVB is an affiliate of American Broadcasting Companies ("ABC") and WCVB broadcasts most of its programming content from ABC.  That same content is the same content that is the subject of the existing Southern District case.

That makes this action the fourth lawsuit concerning the same issue: whether consumers' use of Aereo's remote individual antenna and DVR technology infringes the copyrights of television broadcasters.  WCVB is an affiliate of ABC (one of the plaintiffs in the pending Southern District action) and, as such, most of the programming broadcast by WCVB is provided by ABC.  While Hearst may have some additional programming that it claims is subject to copyright protection, the specific programming is not even close to the heart of this dispute.  The dispute is about the Aereo technology.  If Hearst is permitted to proceed with this action here, it will result in gross inefficiencies and it will be contrary to the interests of justice.  The Southern District of New York is in the best position to field Hearst's request for a preliminary injunction because it involves the same issues that Court has already spent months vetting, managing and determining.  In addition, that Court is in the best position to administer these multiple cases to avoid duplicative, and unfairly and unduly burdensome discovery, inconsistent findings, and to avoid the miscarriage of justice that would occur if broadcasters are allowed to use the legal system to wage a multi-front war of attrition against a small company rather than move these cases properly toward resolution.  At the same time, Hearst will not be harmed by a transfer in any way.  It is based in New York.  To the extent it needs discovery beyond any already provided there, it will have that opportunity.  Hearst will not be denied its day in court, but it will be prevented from using the legal system simply to try to achieve an inconsistent result, or to burden Aereo out of existence.

## **BACKGROUND**

### **Aereo and its Technology**

Aereo is a New York corporation with its principal place of business in Long Island City, New York.  Aereo began offering its technology to its members in the New York City area in

3

2012, and to its members in Boston in May 2013.  Aereo has announced plans to expand to 21

additional cities in 2013.  Exh. 7, Aereo Press Release.

Hearst mischaracterizes both Aereo and its technology.  In fact, Hearst's factual

assertions are in direct contradiction to the Southern District of New York's express findings

after extensive discovery, expert testimony, and an evidentiary hearing.  Aereo created and

provides innovative technology that enables consumers to accomplish remotely what they could

otherwise do at home.  At home, a consumer can capture local over-the-air broadcast television

via an antenna (including an Internet-compatible dongle antenna); make personal copies of that

programming on a computer, VCR, or DVR; and view that recorded content via the Internet on

an Internet-connected device such as a smart television, smartphone, or tablet.  *Aereo I* at 376-

77; *Aereo II* at 680-82.  Aereo provides technology that allows members to use that same type of

equipment—but located remotely—to accomplish the same thing: access an individual remote

antenna and tune it to a local over-the-air broadcast television station that they choose; make an

individual, unique copy of that programming using their remote DVR; and play back that unique

copy, only to themselves, on their personal Internet-connected device.

**The SDNY Related Actions**

1.    **The 2012 Consolidated SDNY Actions and Preliminary Injunction Decisions**

In March 2012, ABC, CBS, Fox, NBC, PBS, Univision, and their related local New York

entities[7] filed the first two cases against Aereo in the Southern District of New York—asserting

---

[7] Some of the national broadcasting company plaintiffs owned and operated New York television stations whose publicly-broadcast programming was accessible by Aereo members using Aereo's technology, including WABC-TV, the ABC-owned New York television station; WCBS-TV, the CBS-owned New York television station; WNBC, the NBC-owned New York television station; WNJU-TV, an NBC-owned New York television station broadcasting Telemundo programming; WNET-TV and WLIW-TV, the WNET-owned New York television

essentially the same claims of copyright infringement that Hearst asserts in this action.[8]  *See*

Hosp Decl. ¶ 2.  Aereo filed counterclaims in both actions, seeking a determination that Aereo

violates none of the broadcasters' copyrights.  *Id.*; Exh. 8; Exh. 9.  The broadcasters then moved

for a preliminary injunction and proceeded with extensive discovery.  Hosp Decl. ¶ 2.  Aereo

produced its entire source code (which most directly illustrates how the Aereo technology

functions), hundreds of thousands of pages of technical and schematic documents, custodian e-

mails, member information, and marketing materials.  *Id.* at ¶ 3.  Aereo also provided the

broadcasters with Aereo memberships so that the broadcasters and their experts could use the

technology themselves.  *Id.*  Additionally, Aereo allowed a site inspection of Aereo's equipment

and facility by the broadcasters' expert witness, and Aereo produced complete antenna boards

for testing at the broadcasters' expert's own laboratory.  *Id.*  Aereo produced two detailed expert

reports on the operation of the Aereo antennas and the Aereo technology generally.  *Id.* at ¶ 4.

The broadcasters took the fact depositions of many of Aereo's technical and business employees,

including its Chief Executive Officer, Chief Technology Officer, Principal Antenna Engineer,

and Director of Marketing.  *Id.*  The broadcasters also took the depositions of Aereo's two expert

witnesses.  *Id.*

After two rounds of briefing, a two-day evidentiary hearing in May 2012, and the post-

hearing submission of several hundred pages of proposed findings of fact and conclusions of

law, Judge Nathan issued a 52-page order denying the motion, finding that the plaintiffs were

---

stations; WNYW-TV and WWOR-TV, the Fox-owned New York television stations; WPIX-TV, the CW Network
affiliate in the New York market; and WXTV-DT, the Univision-owned New York television station.

[8] Those actions are: (i) *Am. Broad. Cos., Inc., et al. v. Aereo, Inc.*, 12-CV-1540 (AJN) (S.D.N.Y.); (ii) *WNET,
Thirteen, et al. v. Aereo, Inc.*, 12-CV-1543 (AJN) (S.D.N.Y.) (those two related actions are consolidated; together
they are hereinafter referred to as the "2012 Consolidated SDNY Actions").

unlikely to succeed on the merits of their claim.  Exh. 4, *Aereo I* at 377.  The plaintiffs then filed

an interlocutory appeal to the Court of Appeals for the Second Circuit.  In April 2013, the

Second Circuit affirmed the Southern District of New York's decision, finding that the plaintiffs

were unlikely to succeed on their copyright claim:

> We conclude that Aereo's transmissions of unique copies of broadcast television
> programs created at its users' requests and transmitted while the programs are still airing
> on broadcast television are not "public performances" of the Plaintiffs' copyrighted
> works under *Cablevision*.  As such, Plaintiffs have not demonstrated that they are likely
> to prevail on the merits on this claim in their copyright infringement action.  Nor have
> they demonstrated serious questions as to the merits and a balance of hardships that tips
> decidedly in their favor.  We therefore affirm the order of the district court denying the
> Plaintiffs' motion.

Exh. 5, *Aereo II* at 696.[9, 10]

Since the preliminary injunction stage, the district court in the Southern District of New

York has presided over additional, exhaustive discovery.  *See* Hosp Decl. ¶ 5.  Aereo has

provided an updated version of its entire source code and produced its entire member database,

giving the broadcasters comprehensive information about how members actually use the Aereo

technology to record individual programs.  *Id.*  In all, Aereo has produced nearly three-quarters

of a million pages of documents.  *Id.*  Aereo also granted the broadcasters and their experts a

*second* several-hour site inspection, and produced two additional complete antenna boards for

destructive testing to be conducted by the broadcasters' experts in their own laboratories.  *Id.*

Aereo also has made its witnesses available for further depositions, including Aereo's

CEO (who has been deposed for two full days), CTO (who, in total, sat for two personal

---

[9] Although Hearst references the *Cablevision* case—in a footnote—in its preliminary injunction motion, Hearst does not mention in its motion or complaint that both Southern District of New York and the Second Circuit—the only two courts to address Aereo's technology—found that Aereo's technology did not infringe the public performance right under *Cablevision* or the Copyright Act. Hearst PI Br., ECF No. 5, at 14 n.10.
[10] The Plaintiffs' *en banc* petition was denied.  Exh. 6.

depositions and for another full day as Aereo's 30(b)(6) designee), Principal Antenna Engineer (who has been deposed for two full days), Director of User Experience and Development, Vice-President of Communications and Government Relations, General Manager of Expansion, and Director of Content and Business Development.  *See id.* at ¶ 6.  Moreover, there have been numerous discovery disputes involving complex issues of fact and law that are being managed by Magistrate Judge Pitman in the Southern District of New York.  Over the past six months, these disputes have involved hundreds of pages of briefing by the parties, and many hours of oral argument during the course of four separate discovery hearings.  *See id.* at ¶ 7.

In sum, Aereo has provided extraordinary, comprehensive, and extensive discovery regarding the operation of its technology in the 2012 Consolidated SDNY Actions.  Additionally, the SDNY has expended considerable time and resources overseeing and deciding the preliminary injunction issues and managing discovery during the PI stage and after.  Discovery is still open in the 2012 Consolidated SDNY Actions until October 30, 2013.  Accordingly, to the extent Hearst would require and be entitled to additional discovery, there is adequate time to accomplish that within the existing schedule in New York.  The Southern District of New York also is currently considering Aereo's motion for summary judgment and a cross-motion for partial summary judgment.  Trial, if necessary, is expected in early 2014.

### 2.    The 2013 SDNY DJ Action

Despite the pending 2012 Consolidated SDNY Actions, in May 2013, CBS (the national broadcaster and one of the Plaintiffs in the 2012 SDNY Actions) publicly threatened to sue Aereo repetitively in each and every market where Aereo planned to launch its technology, including Boston.  Specifically, after Aereo announced that it would launch in Boston in May 2013, Leslie Moonves, the President and Chief Executive Officer of CBS Broadcasting, stated

that wherever Aereo expands from its first market in New York, "we'll follow" and "we'll sue

them again" in those markets.  Exh. 10 (Deadline Hollywood Article).  Similarly, Dana

McClintock, CBS Broadcasting's Executive Vice President of Communications, stated on his

Twitter feed that "We will sue" in Boston, and that "[s]tealing our signal will be found to be

illegal in Boston, just as it will be everywhere else."  Exh. 11 (McClintock Twitter Feed) at 6.

Accordingly, Aereo filed a declaratory judgment action in the Southern District of New

York against CBS and ten CBS licensing entities, including the two CBS affiliates in Boston

(WBZ and WSBK).  That action was designated as related to the earlier two actions and was

assigned to the same judge (Judge Nathan).[11]  The 2013 SDNY DJ Action seeks a determination

with respect to all of the broadcasters' rights under the Copyright Act, involves the same

technology, involves the same Aereo witnesses and documents, and implicates the same essential

issues that have been the subject of the 2012 Consolidated SDNY Actions, and have now been

raised by Hearst in the present motion.

**<u>Nature and Stage of this Case</u>**

On April 23, 2013, Aereo publicly announced its plans to launch its technology in

Boston, Massachusetts on May 15, 2013.  Exh. 12 (Aereo Press Release).  Aereo did formally

launch its technology in Boston on May 15, 2013, and became generally available there on May

30.  *Id.*  On July 9, 2013, nearly two months later, Hearst filed this case.

Hearst is a Nevada corporation with its principal place of business in New York, New

York, within the Southern District of New York.  (Compl. at ¶ 11.)  Hearst owns 29 broadcast

stations throughout the country, including WCVB and additional stations that broadcast in cities

---

[11] *Aereo, Inc. v. CBS Broad. Inc. et al.*, 13-CV-3013 (AJN) (S.D.N.Y.) (hereinafter referred to as the "2013 SDNY DJ Action").  Despite their clear threats of suit, the defendants have moved to dismiss that action and that motion is pending.

where Aereo intends to expand in 2013, including Tampa, Pittsburgh, Baltimore, and Kansas City. As mentioned above, *WCVB is an affiliate of ABC, which is already a plaintiff in the 2012 Consolidated SDNY Actions.*

Notably, Hearst's complaint does not acknowledge, much less discuss, the three related lawsuits—even though it appears Hearst has followed the cases closely and indeed affirmatively relies on the record created in the Southern District of New York to support its contemporaneously-filed motion for preliminary injunction.

Hearst's allegations are essentially identical to the allegations of the broadcaster parties in the other three cases. Hearst alleges that Aereo infringes its copyrights by providing a technology platform that enables Aereo's members to record and watch over-the-air broadcast television programming. These allegations are substantially the same as the allegations brought by the national broadcasters in the 2012 Consolidated SDNY Actions and are predicated on the same discovery and facts about Aereo's technology. Hearst's allegations are also entirely consistent with the allegations underlying Aereo's 2013 SDNY DJ Action. *See* Exh. 13; Exh. 14 (complaints in the 2012 Consolidated SDNY Actions and 2013 SDNY DJ Action).[12]

---

[12] Hearst adds claims for "distribution" and "creating a derivative work," neither of which was pled by the seventeen named parties in the New York actions. These claims are, however, encompassed in both the counterclaims asserted by Aereo in the Consolidated SDNY Actions and the claims asserted by Aereo in the SDNY DJ Action, which seek a determination regarding all of the broadcasters' rights under the Copyright Act. Moreover, these claims are meritless, and even if they were legally cognizable, they depend on the same facts regarding the Aereo technology that have been subject to extraordinary vetting and analysis by Southern District of New York and the Second Circuit in the New York cases. Indeed, in its preliminary injunction motion, Hearst relies on the factual record from the 2012 Consolidated SDNY Actions to support all four of its theories. *See, e.g.*, Hearst PI Br., ECF No. 5, at 18-19 (*citing* Batliner Decl., ECF No. 5-3, Ex. 8 (declaration in 2012 Consolidated SDNY Actions of an Aereo employee)).

Hearst's claims turn primarily on how the Aereo technology works (a modern, remotely-located version of rabbit ears and a DVR[13]) which has been extensively litigated in the New York cases) and not on the specific programs that Hearst broadcasts.  How Aereo's technology works is the precise issue that has been, and continues to be, extensively litigated in the New York cases.

Along with its complaint, Hearst filed a motion for preliminary injunction.  Although Hearst knew who Aereo's attorneys are—Hearst obviously has followed the three cases in the Southern District of New York closely and cites in its preliminary injunction motion here pleadings submitted by Aereo's attorneys there—Hearst did not confer about its motion as required by L.R. 7.1. [14]  Aereo is filing a contemporaneous motion to stay this action and consideration of Hearst's motion pending resolution of this motion to transfer.  The Court has not set a date for the initial scheduling conference and discovery has not yet begun.

## ARGUMENT

A district court may, "for the convenience of parties and witnesses" and "in the interest of justice," transfer a civil action to any other district where it may have been brought originally. 28 U.S.C. § 1404(a).  This action could have been brought in the Southern District of New York for several reasons, and venue is proper there because: (i) Hearst has its principal place of business in the Southern District of New York, *see* Compl. at ¶ 11, and thus New York is the site

---

[13] The Supreme Court has long held that consumers have a fair use right to make recordings of broadcast programming for their own personal use. *See Sony Corp. of Am. v. Universal Studios, Inc.*, 464 U.S. 417, 454 (1984).

[14] Hearst did not comply with L.R. 7.1(a)(2) in connection with its motion for preliminary injunction.  It did not confer with counsel for Aereo at all, and has not attempted in good faith to resolve or narrow the purported issues that are the subject of its motion in any way.  This is improper.  *See Converse Inc. v. Reebok Intern. Ltd.,* 328 F.Supp.2d 166 (D. Mass. 2004) (purpose of Rule 7.1 is to conserve judicial resources by encouraging parties to narrow the contours of disagreement before bringing their dispute to the court and violations of that Rule by failing to confer with opposing counsel prior to filing a motion are sanctionable).

of any alleged injury to Hearst due to alleged copyright infringement, *see Penguin Group (USA), Inc. v. American Buddha*, 640 F.3d 497, 500-501 (situs of alleged copyright infringement injury for purposes of personal jurisdiction is New York where claimed copyright owner is located in New York); and (ii) Aereo is a New York corporation with its principal place of business in Long Island City, New York and thus subject to the personal jurisdiction of the Southern District of New York. *See* 28 U.S.C. §§ 1391(b)(1), 1391(c)(2); Hosp Decl. at ¶ 8.

There could not be a clearer case for transfer than this one for three fundamental reasons: (i) all considerations of judicial economy counsel in favor of transfer, (ii) justice requires that the courts not enable Hearst (and the other broadcasters) to use the courts for the improper purpose of trying to win by attrition rather than rule of law, and (iii) there is no prejudice to Hearst if the transfer is allowed but substantial prejudice to Aereo if it is denied. In addition to those significant interests of justice, the convenience of the parties further supports a transfer in this case.

Because Hearst's copyright claims are virtually identical to the pending cases in the Southern District of New York—filed by a group of broadcasters that includes ABC, the network that supplies most of WCVB's[15] programming—and Hearst itself is based in New York, there is no reason to justify a separate, additional and duplicative action in Boston.

The national broadcasters (ABC, CBS, NBC, and Fox) and their affiliates are trying to put Aereo out of business. They have thus far been unsuccessful; as noted, their bid for a preliminary injunction on what they viewed was their strongest claim was rejected by both the Southern District of New York and the Second Circuit. Hearst (which owns 29 stations) has now

---

[15] While Hearst alleges that 43 hours of its programming is local, ABC (a plaintiff in the 2012 Consolidated SDNY Actions) owns the copyrights for the majority of the national ABC programming that WCVB broadcasts, and that material is already expressly at issue in the 2012 Consolidated SDNY Actions.

brought suit to open up a new front here in Boston because (i) it would provide broadcasters a second bite at the apple and, they hope, inconsistent results; and (ii) if broadcasters cannot prevail for legal reasons, they hope to win by a war of attrition.  Such tactics, if permitted, are fundamentally unjust.  Aereo is a small start-up, and the broadcasters know it is extraordinarily expensive and burdensome for a small company to fight multiple versions of essentially the same lawsuit around the country.  Aereo asks this Court to prevent this gaming of the legal process and require this action to proceed in New York in conjunction and in coordination with the already-pending cases.

Even beyond the obvious prejudice to Aereo, there is no reason for this Court to re-do the thorough work of another court.  That court has already been immersed in these issues through extensive discovery, discovery disputes, two-days of trial testimony from fact and expert witnesses, extensive briefing and consideration of proposed findings and rulings, issued a 52-page order describing Aereo's technology and addressing the broadcasters' copyright claims (which resulted in a decision in Aereo's favor), affirmance by the Second Circuit (again in Aereo's favor),[16] ongoing discovery now and through October 30, 2013, consideration of Aereo's pending motion for summary judgment, a pending cross-motion for partial summary judgment, and if necessary, the S.D.N.Y. will have a bench trial in early 2014.  It would be grossly inefficient for this Court to potentially redo all of that work and, were the Court to do so, it would create an unwarranted and substantial burden on Aereo and thus cause Aereo substantial prejudice.  At the same time, there would be no burden on New York-based Hearst to litigate in New York.  Put simply, the broadcasters, including Hearst, should not be permitted to use the

---

[16] The Plaintiffs' *en banc* petition was denied.  Exh. 6.

courts as a tool to accomplish indirectly what they have failed to accomplish directly on the merits.  If they are entitled to put Aereo out of business, let them achieve that result based on the merits and not based on a series of "do-overs" or a war of attrition.

A.     **The Interest of Justice Favors Transfer Because of the Pending Actions in SDNY**

The "interest of justice" includes promoting judicial economy and avoiding "a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts" because that "leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26 (1960); *Gastineau v. Gifford*, Nos. 11-11096-RWZ, 11-11312-RWZ, 2011 WL 4381501, *1 (D. Mass. Sept. 19, 2011) (quoting *TPM Holdings, Inc. v. Intra-Gold Indus., Inc.*, 91 F.3d 1, 4 (1st Cir. 2000)) (instructing that courts should "rely primarily on common sense and historical practice" and consider "wasted resources because of piecemeal litigation, the possibility of conflicting judgments, and a general concern that the courts may unduly interfere with each other's affairs").  Importantly, "[i]t is not necessary to have '100% overlap' or a precise 'mirror image' between two cases to transfer." *Id.*  Instead, the key question is whether the matters are "substantially similar" as to the "parties, underlying facts, claims and requested relief." *See id.* at *1-2 (granting transfer from D. Mass to S.D.N.Y. where cases involved "strikingly similar" allegations regarding same subject matter).  The existence of a pending lawsuit in another forum that renders that court familiar with the relevant facts and legal issues "'weigh[s] heavily towards transfer.'" *See Tovar v. Indiana*, No. 2:12-CV-175-DBH, 2012 WL 3263948, * 2 (D. Me. Aug. 9, 2012) (quoting *CCM Pathfinder Pompano Bay, LLC v. Compass Fin. Partners LLC*, 396 B.R.

602, 608 (S.D.N.Y. 2008)) (transferring case from D. Me. to S.D.N.Y. because of the existence of a pending related lawsuit in S.D.N.Y.).

### 1.     A Transfer Would Promote Judicial Economy

The Southern District of New York has already invested significant judicial resources in considering the 2012 Consolidated SDNY Actions and managing these complex matters for discovery and trial.  The legal questions raised by Hearst's complaint are substantially the same as those already considered or to be considered by the Southern District of New York.  WCVB's copyright infringement claims, like the claims asserted by ABC (and other broadcasters) in the 2012 Consolidated SDNY Actions, turn on the nature and operation of Aereo's technology and not on the nature of the programming.[17]  In fact, Hearst relies almost entirely on the record from the SDNY 2012 Actions in its motion for preliminary injunction.  Therefore, it would be highly inefficient and wasteful to have a second court review, analyze, and essentially, redo all of this work.

Hearst's complaint makes clear that the alleged harm it purportedly seeks to remedy – a hypothetical loss of retransmission fees – is essentially the same as that alleged by ABC and the other broadcasters in the three related actions in the Southern District of New York.  (Compl. at ¶¶ 45-49).  Therefore, Hearst's own statements evidence that there is no need for a separate action outside of the Southern District of New York.

---

[17] Hearst alleges that Aereo is "retransmitting" WCVB's programming.  (Complaint at ¶ 1.)  This is not true. Aereo's technology enables Aereo members to individually select programs to record and watch for their own personal use.  No copies exist in the Aereo system unless and until the consumer has taken the action to put it there. As noted above, Hearst's description of Aereo's technology is inaccurate and at odds with the explicit findings of Southern District of New York in the Southern District of New York, which were affirmed by the Second Circuit.

Further, while Hearst alleges that 43 hours of its programming is local,[18] ABC (a plaintiff in the 2012 Consolidated SDNY Actions) owns the copyrights for the majority of the national ABC programming that WCVB broadcasts.  Aereo's technology allows Aereo's members to record and watch *all* over-the-air programming that WCVB broadcasts.  Thus, ***a majority of the claimed copyrighted works broadcast by WCVB are already expressly at issue in the 2012 Consolidated SDNY Actions.*** If this case were to proceed in this Court, it would create a situation where the alleged copying of most of WCVB's programming would expressly be at issue in New York and at most a minority of it (the portion that happens to be owned by Hearst) would be at issue in this court.[19]

Additionally, much of the relief sought by Hearst is covered in the 2012 Consolidated SDNY Actions, in which ***ABC seeks a nationwide injunction*** to prevent the use of Aereo's technology to record any ABC programming, including the 100+ hours of national ABC programming that WCVB broadcasts each week.  There should be no split determination of the infringement issues regarding WCVB's programming between the SDNY actions (for national ABC programming) and the current case (for WCVB's local programming in Boston).  This would be a manifest waste of judicial resources.  And it could potentially lead to inconsistent results.  However, for the same reasons Aereo is not infringing ABC's copyrights relating to its national news broadcasts, it is not liable for infringing WCVB's copyrights relating to its local news broadcasts—in Boston or anywhere else.[20]

---

[18] *See* Complaint at ¶ 13.

[19] Of course, as noted above, it is Aereo's position that in fact the alleged copying of *all* of WCVB's programming is already at issue in New York via both the 2012 Consolidated New York Actions and the 2013 SDNY DJ Action.

[20] While Aereo reserves the right to dispute copyright ownership and enforceability issues, for present purposes, the way the technology operates is the critical question.  No matter whose alleged works are broadcast (whether ABC *local* or *national*), the Aereo technology does what it does.

Hearst's motion for preliminary injunction likewise involves virtually the same factual and legal questions that the Southern District of New York and Second Circuit have already considered.  As noted above, in May 2012, the Southern District of New York held a two-day evidentiary hearing relating to the plaintiffs' motion for preliminary injunction, which focused on how Aereo's technology operates.  It would be a waste of judicial resources for this Court to redo all of the work already done in connection with that hearing, which included trial testimony, briefing, analyzing t twelve fact and expert declarations and numerous exhibits and issuing a 52-page opinion summarizing its findings of fact and conclusions of law that was appealed and then affirmed by the Second Circuit's 35-page opinion in April 2013.  The same issues are still before the Southern District of New York, which is considering Aereo's motion for summary judgment and a cross-motion for partial summary judgment, which consideration also involves an extensive factual record centered on how Aereo's technology does (and does not) operate.  And if that Court declines to grant Aereo's motion for summary judgment, there will be a bench trial in early 2014.  The Southern District of New York has invested substantially in understanding Aereo's technology and the legal issues related to it.  There is no reason for this Court to re-do that work.[21]  Simply put, the interest of justice favors transfer of this lawsuit to the Southern District of New York.  *See Johnson v. New York Life Ins. Co.,* No, 12-11026-MLW, 2013 WL 1003432, at *2 (D. Mass. Mar. 14, 2013) ("Judicial economy and the avoidance of inconsistent judgments are prominent among the princip[al] elements of systemic integrity.").

---

[21] By relying on the New York Record, Hearst's complaint and preliminary injunction motion acknowledge the substantial work that has already been done in the 2012 Consolidated SDNY Actions.  *See, e.g.,* Complaint at ¶ 37 (quoting testimony of Aereo's CEO given in 2012 Consolidated SDNY Actions); Batliner Decl., ECF No. 5-3 (attaching excerpts from declarations, expert reports, and hearing testimony relating to April 2012 preliminary injunction hearing in SDNY).

2.    **The Interests of Justice Will be Served by a Transfer and a Transfer Will Not Prejudice Hearst.**

It would be prejudicial to Aereo and against the interests of justice to require Aereo to defend multiple and redundant lawsuits regarding the same allegations. *See e.g.*, *Falken Indus. v. Johansen*, 360 F. Supp. 2d 208, 211 (D. Mass. 2005) ("Plaintiffs would probably be prejudiced by being required to proceed against Defendants in two separate actions, in different forums, which would lead to the possibility of inconsistent judgments."). In contrast to Hearst and the other broadcasters, Aereo is a small company. Aereo is prepared to defend its technology in Court—and has done so successfully. But Aereo should not have to endure a war of attrition in which it is required to fight the same battle again and again, in venue after venue. That is not "the just, speedy, and inexpensive determination of every action" contemplated by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 1.

A transfer of Hearst's claims to the Southern District of New York, where the Court with substantial knowledge of the issues can manage it appropriately, will not cause any prejudice because Hearst will have the opportunity to have its claims heard. Discovery remains open in the 2012 Consolidated Actions. In addition, the 2013 SDNY DJ Action in which CBS' two Boston affiliates are already named as parties., with which the Hearst action could be consolidated, was filed in May 2013, and the court has not yet held a scheduling conference. In fact, it would be very efficient to transfer this case and consolidate it with the 2013 SDNY DJ Action in which CBS' two Boston affiliates are already named as parties. *See Coady v. Ashcraft & Gerel*, 223 F.3d. 1, 11 (1st Cir. 2000) (identifying "the possibility of consolidation" as a factor favoring § 1404 transfer). The material issues are the same in Boston as in New York. To the extent there are specific issues that are not resolved by the Court in the 2012 Consolidated

SDNY Actions, they can be addressed in a consolidated action in the Southern District of New York that includes this action and 2013 SDNY DJ Action.

### B. The Convenience Factors Also Favor Transfer

Many courts consider the interest of justice to be "decisive—outweighing the other statutory factors—in ruling on a change of venue motion even though the convenience of the parties and witnesses pointed in a different direction." Wright, Miller & Cooper, *Federal Practice and Procedure* § 3854; *see also Falafel Republic Mediterranean Foods, Inc. v. Tarazi Specialty Foods, Inc.*, No. 12-10551-NMG, 2012 U.S. Dist. LEXIS 167498, at *39 (D. Mass. Sept. 28, 2012) (quoting that portion of Wright's treatise approvingly) (attached as Exh. 15). For the reasons set forth above, the interests of justice overwhelmingly favor transfer because litigation in the Southern District of New York is already well underway, that Court is familiar with the relevant legal and factual issues, and sustaining parallel litigation would lead to exactly the wastefulness of time, energy, and money, and the risk of inconsistent judgments that § 1404(a) was designed to prevent.

Here, the convenience of the parties also favors transfer to the Southern District of New York. *See F.A.I. Elec. Corp. v. Chambers*, 944 F. Supp. 77, 81 (D. Mass. 1996). Hearst's principal place of business is located within the Southern District of New York; Aereo's principal place of business is located close to the Southern District of New York, directly across the Hudson River and within the city limits of New York.[22] Although both companies have Boston operations, a substantial number of the documents and witnesses are located in New

---

[22] Although WCVB's broadcast studios are located in Boston, for the reasons set forth above, the specific facts pertaining to the programming that is broadcast on WCVB are not the focus of this dispute. Moreover, any facts relating to Aereo's Boston-based facilities that Plaintiffs may allege to be material are already the subject of the 2013 DJ Action, which is pending before Judge Nathan of the Southern District of New York, and is related to the 2012 Consolidated SDNY Actions.

York.  Moreover, Aereo has already gathered and produced its relevant documents in the Southern District of New York, and Aereo's witnesses were produced for deposition in the Southern District of New York.  Hearst's Complaint acknowledges the existence of, and in fact relies upon, Aereo's "representations" and "statements" made in the 2012 Consolidated SDNY Actions, which are also found in the Southern District of New York.  *See* Complaint at ¶¶ 4, 14, 31, 63; Batliner Decl., ECF No. 5-3 (attaching declarations, expert reports and hearing testimony relating to April 2012 preliminary injunction hearing in SDNY).  Those sources of proof are, and already have been, easily accessed in New York.  Thus, these factors, too, favor transfer.  *See F.A.I. Elec. Corp.*, 944 F. Supp. at 81.

There are also important third-party witnesses—companies that measure television viewership—located in the Southern District of New York.  Hearst alleges that Aereo members' access to its programming "substantially undermine[s] WCVB's ability to sell on-air advertising in ways that are virtually impossible to measure."  Fine Decl., ECF No. 5-2, ¶ 35.  This is not true.  As Hearst knows, companies that measure television viewership, such as Nielsen, the Coalition for Innovative Media Management ("CIMM"), and ComScore, are developing and implementing new methods and industry standards for tracking viewership across all platforms.  Exh. 16, Brian Stelter, *Nielsen Adjusts Its Ratings to Add Web-Linked TVs*, N.Y. Times, Feb. 21, 2013 (Nielsen has "pledged to measure TV viewership on iPads and other mobile devices in the future" because of "Web services like Aereo").  Non-party witnesses Nielsen, CIMM, and ComScore are located in the Southern District of New York, and this favors transfer.  *See F.A.I. Elec. Corp.*, 944 F. Supp. at 81.

## CONCLUSION

This suit presents virtually the same factual and legal questions already under consideration by the Southern District of New York in three other suits (two of which were brought by the broadcasters themselves), where that Court, Aereo, and ABC (who provides a majority of the programming rebroadcast by WCVB) have already invested over a year and a half addressing those questions.  Accordingly, Aereo respectfully requests that the Court grant this motion.


Dated: July 16, 2013

                                            _____*/s/  Frank E. Scherkenbach*_____
FISH & RICHARDSON P.C.
Frank E. Scherkenbach (BBO # 653,819)
Christopher Dillon (BBO # 640,896)
R. David Hosp (BBO # 634,091)
Mark S. Puzella (BBO # 644,850)
Matthew C. Berntsen (BBO #678,533)
One Marina Park Drive
Boston, MA 02210
Telephone: (617) 542-5070
Facsimile:  (617) 542-8906
Email:       scherkenbach@fr.com
                dillon@fr.com
                hosp@fr.com
                puzella@fr.com
                berntsen@fr.com


Tal Kedem (*pro hac vice pending*)
Elizabeth E. Brenckman (*pro hac vice pending*)
601 Lexington Avenue, Floor 52
New York, NY 10022
Telephone:    (617) 542-5070
Facsimile:    (617) 542-8906
Email:       kedem@fr.com
                brenckman@fr.com


*Attorneys for Defendant Aereo, Inc.*

## LR 7.1 CERTIFICATION

I certify that Aereo has compiled with the provisions of LR 7.1 by meeting and conferring by telephone with counsel for Hearst on July 16, 2013.  The parties were unable to agree with respect to the issues raised in this Motion and thus are at impasse and require the Court's assistance to resolve this dispute.

_____/s/  Frank E. Scherkenbach_____
Frank E. Scherkenbach


## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Aereo respectfully submits that oral argument may assist the Court in resolving the instant Motion and accordingly requests the opportunity to present this Court with oral argument.

_____/s/  Frank E. Scherkenbach_____
Frank E. Scherkenbach


## CERTIFICATE OF SERVICE

I hereby certify that Defendant Aereo, Inc.'s Memorandum of Law in Support of its Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), and any attachments are being filed through the Court's electronic filing system on July 16, 2013, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).

_____/s/  Frank E. Scherkenbach_____
Frank E. Scherkenbach