UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEARST STATIONS INC., d/b/a WCVB-TV,<br><br>        Plaintiff,<br><br>    v.<br><br>AEREO, INC.,<br>             Defendant. | C.A. No. 1:13-cv-11649-MBB<br><br>**REQUEST FOR URGENT DISPOSITION**<br><br>**ORAL ARGUMENT REQUESTED<br>PURSUANT TO L.R. 7.1(d)** |

**DEFENDANT AEREO, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS
EMERGENCY MOTION TO TEMPORARILY STAY PROCEEDINGS
PENDING RESOLUTION OF ITS
<u>MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)</u>**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................................... 2

I.    ARGUMENT............................................................................................................... 4

    A.    This Court Should Stay This Case Pending Resolution of the Venue Transfer
Motion.................................................................................................................. 4

    B.    In the Alternative, This Court Should Stay the Deadline for Aereo to File an
Opposition to Hearst's Motion for a Preliminary Injunction................................. 8

CONCLUSION....................................................................................................................... 9

i

## <u>TABLE OF AUTHORITIES</u>

**CASES**                                                                                                                         **PAGE**

*Am. Broad. Cos., Inc. v. Aereo*,
   874 F. Supp. 2d 373 (S.D.N.Y. 2012)...................................................................................3

*Dowler v. Medicine Shoppe*,
   No. 2:07-cv-848, 2007 WL 2907519 (S.D. Ohio Oct. 3, 2007) ................................................6

*Good v. Altria Group, Inc.,*
   624 F. Supp. 2d 132 (D. Me. 2009) ........................................................................................5

*Landis v. N. Am. Co.*,
   229 U.S. 248 (1936)................................................................................................................5

*Rivers v. Walt Disney Co.*,
   980 F. Supp. 1358 (C.D. Cal. 1997) ......................................................................................7

*WNET v. Aereo, Inc.*,
   712 F.3d 676 (2d Cir. 2013)...................................................................................................3

**STATUTES**

28 U.S.C. § 1404(a) . ...............................................................................................................2

Defendant Aereo, Inc. ("Aereo") respectfully moves the Court to stay all proceedings in this case pending the Court's resolution of Aereo's Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) (the "Venue Transfer Motion") which is currently pending before the Court.[1] In particular, Aereo asks the Court to stay all proceedings with respect to the Motion for a Preliminary Injunction, which was filed by Plaintiff Hearst Stations Inc. ("Hearst") with its complaint.  Consideration of Hearst's Motion for a Preliminary Injunction can and should occur only after Aereo's Venue Transfer Motion is decided and venue is determined.  A stay of the Motion for a Preliminary Injunction, pending determination of the Venue Transfer Motion, will cause no prejudice to Hearst.[2]

## INTRODUCTION

This Court should stay all proceedings in this case, including all discovery, briefing and consideration regarding Hearst's Motion for a Preliminary Injunction, until a determination has been made whether this Court or the Southern District of New York—which has three virtually identical cases pending, and which has already heard and decided a preliminary injunction motion involving essentially identical issues—is the correct forum in which this lawsuit should proceed.  Hearst will suffer no prejudice from a temporary stay, whereas the refusal of a stay will greatly prejudice Aereo.  Considerations of judicial efficiency also weigh heavily in favor of a temporary stay.

As described in Aereo's Venue Transfer Motion, Aereo is a small technology company that has created innovative technology that enables consumers to use a modern, remotely-located version of an individual rabbit ear antenna and DVR to record and watch local over-the-air

---

[1] Aereo files this motion concurrently with its Venue Transfer Motion.
[2] In the alternative, Aereo asks the Court to schedule a conference to determine an appropriate schedule for consideration of the motion.

broadcast television.  This action is now the fourth lawsuit concerning the same issue: whether consumers' use of Aereo's technology infringes the copyrights of over-the-air television broadcasters.[3]  The other three actions are already pending in the Southern District of New York, which is Hearst's principal place of business.  In those cases, the same factual issues and virtually identical legal claims have been litigated for over a year and a half, with substantial discovery and deep involvement by the Court.  In the Consolidated Cases, the Court in the Southern District considered a virtually identical preliminary injunction motion to the one filed here and, after extensive fact and expert discovery, briefing, and a two-day evidentiary hearing ruled against the broadcasters.  That ruling was affirmed by the Second Circuit.  For the reasons set forth in the Venue Transfer Motion, this case should be transferred to the Southern District of New York.[4]

A determination of the Transfer Motion should be made before this Court undertakes any substantive consideration of the merits of Hearst's lawsuit.  As set forth more fully below, a

---

[3] The prior three lawsuits are: (i) *Am. Broad. Cos., Inc., et al. v. Aereo, Inc.*, 12-CV-1540 (AJN) (S.D.N.Y.); (ii) *WNET, Thirteen, et al. v. Aereo, Inc.*, 12-CV-1543 (AJN) (S.D.N.Y.) (collectively the "Consolidated Cases"); and (iii) *Aereo, Inc. v. CBS Broadcasting Inc., et al.*, 13-CV-3013 (AJN) (S.D.N.Y.).

[4] To promote judicial economy, conserve judicial resources, avoid entirely duplicative discovery and proceedings and avoid inconsistent findings or judgments, the "interest of justice" would overwhelmingly be served by transferring Hearst's action to the Southern District of New York.  Moreover, the location of the parties and key third-party witnesses in New York means "the convenience of parties" would also be served by transfer.  As discussed in the Venue Transfer Motion, the broadcasters have taken extensive fact and expert discovery of Aereo in the New York cases.  For example, the broadcasters have taken depositions of many of Aereo's technical and business employees (including the CEO and CTO, who have been deposed twice and three times, respectively).  Aereo produced its entire source code, antenna equipment for the broadcasters to test at their own facilities, and almost 700,000 pages of documents in response to the broadcasters' requests for production.  Additionally, Aereo allowed two site and equipment inspections and produced two detailed expert reports on the operation of the Aereo antennas and the Aereo technology.  The Southern District of New York is very familiar with the Aereo technology. It held a 2-day preliminary injunction hearing before denying the broadcasters' request to preliminarily enjoin Aereo, in a 52-page opinion (that was subsequently affirmed by the Second Circuit, and Plaintiffs' petition for *en banc* review was denied).  *See generally Am. Broad. Cos., Inc. v. Aereo*, 874 F. Supp. 2d 373, 377 (S.D.N.Y. 2012); *WNET v. Aereo, Inc.*, 712 F.3d 676, 680 (2d Cir. 2013); *Am. Broad. Cos. v. Aereo, Inc.*, 12-2807-cv; 12-2786-cv, Dkt. 301 (2d Cir July 16, 2013) (denying rehearing *en banc*).  That Court has subsequently overseen voluminous discovery, holding four lengthy hearings in open court, and is currently considering competing motions for summary judgment that hinge on an intimate understanding of how Aereo's technology works.  *See generally* Venue Transfer Motion.

temporary stay pending resolution of the transfer issue should be granted because: (1) a temporary stay would not prejudice Hearst, who has failed to demonstrate any imminent harm warranting emergency relief, and indeed, delayed seeking preliminary relief for nearly two months after Aereo initially launched in Boston; (2) denial of the temporary stay would prejudice Aereo because depending on the Court that will ultimately be handling the preliminary injunction request, Aereo would be required to potentially address different or multiple procedural, scheduling, and/or substantive issues that may result in duplicative or wasted effort and cost; and (3) a temporary stay will promote judicial economy by ensuring that only the court that will ultimately handle this matter will be the court to decide both the procedural and the substantive issues arising from Hearst's preliminary injunction motion (which is essentially duplicative of the motion decided by the Southern District of New York).

In the alternative, if the Court excuses Hearst's failure to comply with Local Rule 7.1 in filing its Motion for a Preliminary Injunction and concludes that a stay is not warranted,[5] Aereo respectfully requests that the Court stay the deadline for Aereo to file an opposition to Hearst's Motion for a Preliminary Injunction, pending the Court setting a reasonable schedule for briefing, any necessary discovery, and disposition of Hearst's Motion.

## I.   ARGUMENT

### A.   This Court Should Stay This Case Pending Resolution of the Venue Transfer Motion

A court's power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 229 U.S. 248, 254-55 (1936).  District courts generally

---

[5] Hearst did not meet and confer with Aereo before submitting its preliminary injunction motion.  Accordingly, Hearst did not submit a certification as required by Local Rule 7.1(a)(2).

consider three factors in determining whether to stay a pending action: (1) the potential prejudice a stay would cause the non-moving party; (2) hardship and inequity to the moving party if the action were not stayed; and (3) the judicial resources that a stay would save by avoiding duplicative litigation.  *See, e.g.*, *Good v. Altria Group, Inc.,* 624 F. Supp. 2d 132, 134 (D. Me. 2009) (issuing temporary stay pending disposition of pending MDL petition).  Each of these factors favors the very limited form of stay sought here.

*First*, a temporary stay would not prejudice Hearst.  There is no reason to think that the transfer motion cannot be decided expeditiously and that consideration of the preliminary injunction motion cannot proceed as expeditiously as appropriate thereafter.  Indeed, Hearst does not allege or even suggest that it is currently suffering any harm from Aereo's operation, or that any such harm is imminent.  Rather, it simply asserts, without support, that such harm *may* be threatened.  For example, Hearst argues that Aereo *may* have an impact on its ability to capitalize on Internet opportunities in the future.  But it admits that WCVB does not currently stream its programming over the Internet, and cannot stream its complete daily schedule unless and until it negotiates with other current rights holders.  Declaration of Bill Fine at ¶¶ 22-25.  Thus, even this alleged, speculative harm is in no way imminent.

Similarly, Hearst asserts that Aereo threatens to impact its retransmission fees and its ability to negotiate such fees, but has not identified a single instance where someone with whom Hearst is negotiating or plans to negotiate has even made such a suggestion, let alone threatened action that is sufficiently imminent as to constitute prejudice.  To the contrary, Hearst suggests that it faces harms of a similar nature to those of other broadcasters, but then fails to mention that the broadcasters in the New York actions have repeatedly and vehemently stated that Aereo has not had any adverse impact on retransmission fees, and in fact, Aereo has not caused them any

current harm at all, notwithstanding the fact that Aereo has been in operation for more than a year.  Exh. A, 6/4/13 Hrg. Tr. at 83:25-84:3; Exh. B, 4/3/13 Pl. Br. at 12; Exh. C, 3/21/13 Hrg. Tr. at 20:5-11.[6]  Nor does Hearst assert that there is any imminent threat to its advertising revenue or provide any evidence at all that harm to advertising revenue due to Aereo has even been discussed with an advertiser, let alone threatened.  In short, there is nothing in Hearst's papers that would support the notion that a brief stay to resolve Aereo's motion to transfer would prejudice Hearst in any way.

The lack of prejudice is further evidenced by the manner in which Hearst has proceeded. On April 23, 2013, Aereo announced that it would first make its technology available in Boston on May 15, 2013.  Exh. D, Press Release.  Aereo did formally make its technology available to pre-registered members in Boston on May 15, 2013, and then made it available to the general public in Boston on May 30, 2013.  Yet Hearst waited nearly two months to file this case. Hearst's lack of urgency in filing this suit belies any potential claim that the preliminary injunction issues should be addressed before the Venue Transfer Motion is decided.

Because Hearst cannot show any threat of imminent harm and has demonstrated a lack of urgency in filing suit, Aereo's request for a temporary stay until the Court rules on the pending Venue Transfer Motion will not cause Hearst to suffer any prejudice.  *See*, *e.g.*, *Dowler v. Medicine Shoppe*, No. 2:07-cv-848, 2007 WL 2907519, *2 (S.D. Ohio Oct. 3, 2007) ("[T]he decision as to whether the case will be transferred is expected rather quickly and therefore there will be no harm in not ruling on Plaintiffs' pending motions.").

*Second*, a stay would prevent hardship for Aereo.  Should the Court not stay the case pending the decision on the Venue Transfer Motion, Aereo will be forced to spend significant

---

[6] All exhibits cited herein are attached to the Declaration of R. David Hosp, filed concurrently herewith.

time and resources addressing both the procedural and substantive aspects of this case.

Moreover, this effort would either be potentially unnecessary altogether (*e.g.*, effort spent on

procedural and scheduling issues in this Court) or largely duplicative of the work done in the

cases pending in the Southern District of New York (with the exception of potential discovery

against Hearst).  As set forth in Aereo's Venue Transfer Motion, the factual issues in this action

have already been addressed, and the legal issues have largely been addressed, by the Southern

District of New York in the actions pending there.[7]  All of this potential wasted effort would be

prejudicial to Aereo in the event transfer is granted, as Aereo is a small, privately held company

with very limited resources.

     *Third*, a stay pending the Court's decision on the Venue Transfer Motion would promote

judicial economy because it would ensure that Hearst's motion for preliminary injunction will be

briefed and argued to the court that is to decide that motion.  It would not be sensible to proceed

with such efforts, and to impose on this Court's time and resources, if the action is transferred to

the Southern District of New York as Aereo demonstrated should occur in its Venue Transfer

Motion.  *See Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (stay "is

appropriate when it serves the interests of judicial economy and efficiency," such as by

preventing the court from "expending energies familiarizing itself with the intricacies of a case

that would be heard by another judge" and preventing the duplication of "case management"

efforts) (citations omitted).

     This is all the more so when considering the significant amount of time and effort the

court in the Southern District of New York has already invested in understanding the factual and

---

[7] Hearst demonstrates this implicitly by relying almost entirely on the record developed in the actions pending before the Southern District of New York.  *See* Hearst PI Br., ECF No. 5, at 5-6, 9, 12-14, 18 (citing materials from SDNY actions).

legal issues that are raised again in Hearst's complaint (and in its Motion for a Preliminary Injunction).  The New York court has overseen significant discovery and has already ruled on a preliminary injunction that is substantially identical to Hearst's (and, indeed, had its 52-page opinion affirmed by a 36-page opinion of the Second Circuit).  Therefore, as set forth in Aereo's Venue Transfer Motion, the New York court is the proper court to hear this case, including the preliminary injunction motion.  Likewise, if the action is transferred to New York, it would be most appropriate for the New York court to address the procedural and scheduling aspects of Hearst's request for preliminary relief.  Thus, staying this case pending the Court's resolution of Aereo's Venue Transfer Motion would conserve judicial resources by avoiding duplicative litigation and avoid the unnecessary use of the resources of multiple courts with respect to the same issues.

**B.      In the Alternative, This Court Should Stay the Deadline for Aereo to File an Opposition to Hearst's Motion for a Preliminary Injunction**

For the reasons set forth above, Aereo respectfully submits that the Court should stay all proceedings—including discovery relating to, briefing of, and argument and consideration of Hearst's motion for preliminary injunction—pending the Court ruling on Aereo's Venue Transfer Motion.  In the alternative, if the Court determines that a stay is not warranted and that Hearst's motion for a preliminary injunction is properly filed (despite not complying with Local Rule 7.1 and the requirement to meet and confer before filing), Aereo respectfully requests that the Court stay the deadline for Aereo to file an opposition to Hearst's Motion for a Preliminary Injunction, pending the Court setting a reasonable schedule for briefing, any necessary discovery, and disposition of Hearst's Motion.

**CONCLUSION**

Aereo respectfully requests that the Court grant this motion and temporarily stay all

proceedings in this case until it has decided Aereo's Venue Transfer motion. In the alternative,

Aereo respectfully requests that the Court stay the deadline for Aereo to file an opposition to

Hearst's Motion for a Preliminary Injunction pending the Court setting a reasonable schedule for

briefing, any necessary discovery, and disposition of Hearst's Motion.


Dated: July 16, 2013

                                        ___/s/ Frank E. Scherkenbach_____
FISH & RICHARDSON P.C.
Frank E. Scherkenbach (BBO # 653,819)
Christopher Dillon (BBO # 640,896)
R. David Hosp (BBO # 634,091)
Mark S. Puzella (BBO # 644,850)
Matthew C. Berntsen (BBO # 678,533)
One Marina Park Drive
Boston, MA 02210
Telephone: (617) 542-5070
Facsimile: (617) 542-8906
Email:    scherkenbach@fr.com
            dillon@fr.com
            hosp@fr.com
            puzella@fr.com
            berntsen@fr.com

Tal Kedem (*pro hac vice pending*)
Elizabeth E. Brenckman (*pro hac vice pending*)
601 Lexington Avenue, Floor 52
New York, NY 10022
Telephone:   (617) 542-5070
Facsimile:   (617) 542-8906
Email:      kedem@fr.com
            brenckman@fr.com

*Attorneys for Defendant Aereo, Inc.*

## LR 7.1 CERTIFICATION

I certify that Aereo has compiled with the provisions of LR 7.1 by meeting and conferring by telephone with counsel for Hearst on July 16, 2013.  The parties were unable to agree with respect to the issues raised in this Motion and thus are at impasse and require the Court's assistance to resolve this dispute.

                    /s/ Frank E. Scherkenbach_____
                    Frank E. Scherkenbach


## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Aereo respectfully submits that oral argument may assist the Court in resolving the instant Motion and accordingly requests the opportunity to present this Court with oral argument.

                    /s/ Frank E. Scherkenbach_____
                    Frank E. Scherkenbach

## CERTIFICATE OF SERVICE

I hereby certify that Defendant Aereo, Inc.'s Emergency Motion to Temporarily Stay Proceedings Pending Resolution of its Motion to Transfer Venue Pursuant To 28 U.S.C. § 1404(a) and any attachments are being filed through the Court's electronic filing system on July 16, 2013, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).

                    /s/ Frank E. Scherkenbach_____
                    Frank E. Scherkenbach