UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HEARST STATIONS INC., d/b/a WCVB-TV,

    Plaintiff,

  v.

AEREO, INC.,
    Defendant.

C.A. No. 1:13-cv-11649-NMG

**DEFENDANT AEREO, INC.'S RESPONSE TO PLAINTIFF
HEARST STATIONS INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY**

The preliminary injunction decision of Judge Collyer in *Fox Television Stations, Inc. v. FilmOn X LLC*, No. 13-Civ-758, 2013 WL 4763414 (D.D.C. Sept. 5, 2013) ("*FilmOn*") concerns different parties, is distinguishable from the case at hand, and errs in its findings with respect to the Transmit Clause of the Copyright Act.  Further, it directly conflicts with Second Circuit appellate precedent and is not binding precedent on this Court.  Defendant Aereo, Inc. ("Aereo") responds below to each of the bullet points made by Plaintiff Hearst Stations Inc. ("Hearst") concerning the alleged relevance of Judge Collyer's decision (the "Opinion").

- The Opinion involves a different defendant and does not concern Aereo's technology. Unlike Judge Nathan's decision in *Am. Broad. Cos. v. Aereo, Inc.*, 874 F. Supp. 2d 373 (S.D.N.Y. 2012), which concerned the exact technology at issue in this case, and was based on a detailed investigation into the nature of that technology (which included months of discovery and two days of expert and fact testimony), Judge Collyer's Opinion makes few factual findings based only upon the parties' written submissions.[1]  To the extent the Opinion makes factual findings about the technology used by FilmOn, certain descriptions of the technology do not appear to track how the Aereo technology actually works.  Contrary to the Court's characterizations with respect to FilmOn, Aereo is not

---

[1] The Court had scheduled a hearing but issued its opinion in advance and cancelled the hearing. It is not clear from the decision what, if any, discovery was conducted.

like a cable television company and it is a not a retransmission service.  *See* Opinion at 26-28.  Each Aereo member uses an individual antenna and DVR to transmit to themselves a unique individual signal only accessible to them.  The individual antennas are not tuned to any broadcast channel until an Aereo member takes the affirmative step of tuning her assigned antenna to a particular channel and recording a program.  No member recordings exist in the Aereo system unless and until a member acts to make them there, and no transmissions are made using the Aereo system except as initiated by individual members.

- The Court's conclusion that the defendant violated the plaintiff broadcasters' public performance rights through the provision of its services and technology relies on a misinterpretation of the Copyright Act and its legislative history.  The Opinion improperly emphasizes the commercial nature of FilmOn.  Opinion at 27-28.  As is made clear in the legislative history of the 1976 Copyright Act, the commercial nature of an enterprise is not relevant to determining whether a performance is public or private.  Indeed, all antenna, VCR, and DVR manufacturers are commercial enterprises; that fact is irrelevant to whether copies made by consumers using a manufacturer's equipment violates copyright law.

- In finding that all individual transmissions of separate copies of the same work somehow must all be aggregated as a "public" performance, the Opinion improperly conflates "work" with "performance," a statutory misinterpretation also urged by Hearst.  The Opinion's conclusion that "every broadcast of a television program (whether cable, satellite, over-the-air, over the internet, or otherwise) could be described as 'generated from the same copy'—the original source," and all such performances should be aggregated, threatens to eliminate any potential for private performance of a copyrighted work after its initial transmission. Opinion at 27.  As provided by the Copyright Act, all members of the public have the right to privately perform copyrighted work.  Only transmissions "to the public" constitute public performance.  The undisputed facts establish that an Aereo member may only transmit her own individual copy to herself.  That is the performance at issue and it is not "to the public."

- Rather than following the Second Circuit's thorough reasoning on this issue, the Court instead adopted the reasoning set forth in *Fox Television Stations, Inc. v. BarryDriller Content Sys., PLC*, 915 F. Supp. 2d 1138 (C.D. Cal. 2012) ("*BarryDriller*") (which involves the exact same defendant as in *FilmOn*) and Judge Chin's dissent in the Aereo Second Circuit decision.  The Opinion, however, ignores among other things that the District Court for the Central District of California decision in *BarryDriller* is currently on appeal, and while that appeal is pending, the Ninth Circuit expressly adopted *Cablevision*'s reproduction analysis.  *Fox Broad. Co. v. Dish Network L.L.C.*, No. 12-Civ-57048, 2013 WL 3814917, *4-5 (9th Cir. July 24, 2013) ("*Dish Network*").  The Opinion further erroneously ignores the importance of the user's volition, which was emphasized in *Dish Network*.  Because an Aereo member makes a private transmission that only she is capable of receiving, the performance that user makes is private.

- The Court acknowledged that its interpretation of the Copyright Act is directly contrary to that adopted by the Second Circuit in both *Aereo* and *Cablevision*. Opinion at 34. The First Circuit and courts within the First Circuit (including this Court) have repeatedly cited to the Second Circuit on copyright issues. *See, e.g.*, William F. Patry, PATRY ON COPYRIGHT, § 9:128; *Yankee Candle Co., Inc. v. Bridgewater Candle Co.*, 259 F.3d 25, 34 (1st Cir. 2001); *Rosenthal v. E. MPC Computers, LLC*, 493 F. Supp. 2d 182, 188-89 (D. Mass. 2007) *See Data General Corp. v. Grumman Data Sys. Corp.*, 886 F. Supp. 927, 930 (D. Mass. 1994) (Gorton, J.); *Sarvis v. Polyvore, Inc.*, No. 12-Civ-12233, 2013 WL 4056208, at *9 (D. Mass. Aug. 9, 2013); *ILOG, Inc. v. Bell Logic, LLC*, 181 F. Supp. 2d 3 (D. Mass. 2002).

For the foregoing reasons, Aereo respectfully submits that the *FilmOn* Opinion is not persuasive authority and its reasoning should not be adopted by this Court.

Dated: September 11, 2013    /s/ Frank E. Scherkenbach
FISH & RICHARDSON P.C.
Frank E. Scherkenbach (BBO # 653,819)
Christopher Dillon (BBO # 640,896)
R. David Hosp (BBO # 634,091)
Mark S. Puzella (BBO # 644,850)
Sheryl Koval Garko (BBO # 657,735)
Matthew C. Berntsen (BBO #678,533)
One Marina Park Drive
Boston, MA 02210
Telephone: (617) 542-5070
Facsimile: (617) 542-8906
Email:    scherkenbach@fr.com
          dillon@fr.com
          hosp@fr.com
          puzella@fr.com
          garko@fr.com
          berntsen@fr.com

Tal Kedem (admitted *pro hac vice*)
Elizabeth Brenckman (admitted *pro hac vice*)
601 Lexington Avenue, Floor 52
New York, NY 10022
Telephone: (617) 542-5070
Facsimile: (617) 542-8906
Email:    kedem@fr.com
          brenckman@fr.com

*Attorneys for Defendant Aereo, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants on September 11, 2013.

                                        /s/ *Frank E. Scherkenbach*
                                        Frank E. Scherkenbach