UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEARST STATIONS INC., d/b/a WCVB-TV,  Plaintiff,  v.  AEREO, INC.,  Defendant. | Court File No. 1:13-cv-11649-NMG  **REQUEST FOR URGENT DISPOSITION** |

**JOINT MOTION TO STAY PROCEEDINGS
PENDING THE SUPREME COURT'S DECISION IN *ABC V. AEREO***

Plaintiff Hearst Stations Inc., d/b/a WCVB-TV ("Hearst") and defendant Aereo, Inc. ("Aereo") jointly move for a stay of this action pending the Supreme Court's decision in *American Broadcasting Companies, et al. v. Aereo, Inc.*, No. 13-461 (hereinafter "*ABC v. Aereo*"). *See* Exhibit A, Orders List, Jan. 10, 2014.

*ABC v. Aereo* is the appeal from the Second Circuit's affirmance of the Southern District of New York's denial of the plaintiff broadcasters' motion for a preliminary injunction. The Supreme Court granted certiorari on January 10, 2014, thereby agreeing to address the question central to the primary claim advanced by the plaintiff broadcasters in New York (which is also the primary claim advanced by Hearst in this action): whether Aereo "performs publicly" under Sections 101 and 106 of the Copyright Act.[1] While the Supreme Court has not yet set a date for argument, it is expected that argument will occur in April 2014 and the case will be decided by

---

[1] In addition to its public performance claim, Hearst has alleged claims based on its alleged reproduction, distribution, and derivative works rights.

the conclusion of the Court's term in June 2014.[2] To preserve the parties' finite resources, to promote judicial efficiency and economy, and to avoid duplicative or contradictory proceedings, both parties agree and request that this action should be stayed pending the Supreme Court's decision.

This Court has discretionary authority to stay the present action based on its inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts in the First Circuit and elsewhere routinely grant stays pending a decision by the Supreme Court where the Supreme Court granted certiorari in a case presenting an identical legal issue. *See, e.g.*, *LaMarche v. Bell*, No. 04-Civ-69, 2006 WL 3359022 (D.N.H. Nov. 17, 2006); *Marshel v. AFW Fabric Corp.*, 552 F.2d 471, 472 (2d Cir. 1977) (staying further proceedings pending resolution by the Supreme Court of a case upon which the question of liability will "in all likelihood, turn"); *Strait v. Specialty Equip. Co., Inc.*, 92 C 20318, 1992 WL 391292 (N.D. Ill. Dec. 24, 1992) (granting stay pending Supreme Court decision in a case presenting "precisely the same issue"); *Miss. Band of Choctaw Indians v. State of Miss.*, No. 90-Civ-0386, 1991 WL 255614 (S.D. Miss. Apr. 9, 1991) (granting stay of case pending Supreme Court ruling because it involved "the same issue that currently faces this Court . . . [and hence] the interest of judicial economy and justice would be best served by staying all proceedings in this action until such time as further guidance is forthcoming from the United States Supreme Court.").

---

[2] The Supreme Court is to sit for oral arguments on April 21-23 and 28-30, 2014. *See* http://www.supremecourt.gov/oral_arguments/2013termcourtcalendar.pdf.  No cases have yet been set for argument during those sittings, though the last cases in which certiorari was granted have been set for argument during the preceding sitting, March 31-April 2. *See* http://www.supremecourt.gov/orders/grantednotedlist.aspx ?Filename =13grantednotedlist.html.  For this reason, it is expected that those cases as to which certiorari was granted on January 10 will be set for argument in April.  *See, e.g.*, Lyle Denniston, SCOTUSBlog.com (Jan. 10, 2014) ("The new cases probably will be argued in April — the last sitting of the Term."), *at* http://www.scotusblog.com/2014/01/court-grants-eight-cases-2/.

It is expected that the Supreme Court's decision in *ABC v. Aereo* will be dispositive of the primary copyright infringement claim and related defenses brought in this and all other actions involving the Aereo technology. Indeed, *ABC v. Aereo* will have a direct impact on the scope and direction of this litigation, including fact and expert discovery, dispositive motions, pre-trial matters, and trial. The parties are still in the very early stages of fact discovery; initial disclosures and discovery requests have been served, and discovery responses are due this Friday, January 17, 2014. There is still a significant amount of discovery that must be completed related to Hearst's public performance claim before discovery closes on February 28, 2014, including document collection, review, and production, as well as depositions. Of course, expert discovery, including reports and depositions (which will also directly relate to the public performance claims) is set to follow. The costs associated with conducting this amount of fact and expert discovery (not to mention any related briefing and argument) is substantial. A modest stay of six months or so may very well avoid the extremely expensive and time-consuming processes of fact and expert discovery, dispositive motions, pre-trial, and trial. There is no reason for the Court to expend its valuable and finite resources overseeing these phases of the case—when the issues could be impacted or very well mooted by the Supreme Court's decision.

Further, while the only claim before the Supreme Court is Hearst's public performance claim, the remaining claims in this action based on Hearst's asserted reproduction, distribution, and derivative work rights are inextricably bound up factually with the public performance claim. Accordingly, splitting related claims—as would happen here should the Court proceed on Hearst's alternative theories of the case—would be wasteful and inefficient.

Once the Supreme Court has weighed in on the primary issues in this case, the disposition of the remaining matters should be clear and efficient. It is simply in best interest of both the

Court and the parties to wait until the Supreme Court clarifies the contours of this case.

WHEREFORE, the parties respectfully request that this Court enter a stay of all proceedings until the Supreme Court renders its decision in *ABC v. Aereo*, with the agreement by the parties that neither party may argue that staying the litigation has any effect on the issue of irreparable harm.

Dated: January 14, 2014                           /s/ R. David Hosp
                                                  FISH & RICHARDSON P.C.
                                                  Christopher Dillon (BBO # 640,896)
                                                  R. David Hosp (BBO # 634,091)
                                                  Mark S. Puzella (BBO # 644,850)
                                                  Sheryl Koval Garko (BBO # 657,735)
                                                  Matthew C. Berntsen (BBO # 678,533)
                                                  One Marina Park Drive
                                                  Boston, MA 02210
                                                  Telephone: (617) 542-5070
                                                  Facsimile:  (617) 542-8906
                                                  Email:      dillon@fr.com
                                                              hosp@fr.com
                                                              puzella@fr.com
                                                              garko@fr.com
                                                              berntsen@fr.com

                                                  Tal Kedem (*pro hac vice*)
                                                  Elizabeth E. Brenckman (*pro hac vice*)
                                                  601 Lexington Avenue, Floor 52
                                                  New York, NY 10022
                                                  Telephone:   (617) 542-5070
                                                  Facsimile:   (617) 542-8906
                                                  Email:       kedem@fr.com
                                                               brenckman@fr.com

                                                  *Attorneys for Defendant Aereo, Inc.*

Dated: January 14, 2014                            /s/  James D. Smeallie
                                                  HOLLAND & KNIGHT LLP
                                                  James D. Smeallie (BBO #467380)
                                                  Joshua C. Krumholz (BBO #552573)
                                                  Brian G. Leary (BBO #548386)
                                                  Elizabeth M. Mitchell (BBO #638146)
                                                  10 St. James Avenue
                                                  Boston, MA 02116

                                                  *Attorneys for Plaintiff Hearst Stations Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants on January 14, 2014.

                                                              */s/ R. David Hosp*
                                                                R. David Hosp